THE NORTHWESTERN BARB WIRE COMPANY v. JOHN F. RANDOLPH.

MORTGAGE — *Foreclosure* — *Personal Judgment against Intermediate Grantees.* Where lands previously mortgaged were conveyed to R., who assumed and agreed to pay such mortgages, and R. conveyed the land to N. by warranty deed, and N. subsequently mortgaged to the same parties that held the first mortgages, and these parties commenced their action to foreclose, a personal judgment should be rendered against R. for the amount of the mortgages he assumed to pay, both for the protection of the original mortgagor, who conveyed to R., and for the protection of N., to whom R. conveyed by warranty deed, and the amount collected on said judgment should be applied to the satisfaction of the mortgages that R. agreed to pay.

*Error from Cloud District Court.*

THE material facts appear in the opinion.

*Kennett, Peck & Matson,* for plaintiff in error.
*Theodore Laing,* for defendant in error.

Opinion by SIMPSON, C.: On the 7th day of September, 1887, the plaintiff in error commenced its action in the district court of Cloud county, alleging in its petition the following material facts: On the 10th day of December, 1885, one George H. Wells and wife executed to one R. F. Hermon a promissory note for $375, securing payment of the same by a mortgage on the northwest quarter of section 23, town 7, range 1 west of the sixth principal meridian. Hermon sold and transferred the note and assigned the mortgage to the plaintiff in error on the 30th day of November, 1886. On the 5th day of November, 1886, George H. Wells and wife sold and conveyed said mortgaged tract of land to John F. Randolph, who assumed and agreed to pay the mortgage given by Wells and wife to Hermon and assigned to plaintiff in error. On the 6th day of November, 1886, Randolph and wife conveyed the land by warranty deed to one W. J. Nye. On the 8th day of November, 1886, Nye and wife executed and delivered

to the plaintiff in error two promissory notes amounting to $727.60, and to secure the payment of the same they gave the plaintiff in error a mortgage on the same land. This tract of land was subject to two prior mortgages in favor of the New England Loan and Trust Company, executed by Wells and wife, for $1,650 and interest, that are conceded to be the first liens. Wells and wife, Nye and wife, Randolph and other lien holders were made parties, and all served personally or by publication. All made default, and the cause came on regularly for trial at the October term, 1887, of the court. The court found that all of the defendants had been duly served with a summons in this action; that there was due from the defendants Wells and wife the sum of $462.25, with interest at 12 per cent. per annum; that the defendant John F. Randolph is liable for the payment of this sum by reason of having assumed payment of it in a warranty deed executed by Wells and wife and accepted by him; that there was due from Nye the sum of $779.94, with interest at 7 per cent. per annum; that the mortgaged premises mentioned in plaintiff's petition is subject first to two mortgages amounting to $1,650; that the taxes for 1886, assessed upon said land, have not been paid. Judgment was rendered for the sums against Wells and wife and Nye, and the mortgaged property ordered sold, subject to the first lien of $1,650, and the proceeds of the sale applied, first, to the payment of the costs; second, to the payment of the taxes due; third, to the payment of the plaintiff's judgment against Nye; fourth, to the payment of the plaintiff's judgment against Wells and Randolph. This judgment was rendered on the 18th day of November, 1887. On the 6th day of July, 1888, Randolph filed a written motion praying the court to modify the judgment so that the judgment against Wells and Randolph shall stand as a judgment against Wells alone, and not as a judgment against Randolph for any sum whatever, and to so modify the order for the distribution of the proceeds of the sale that, after the payment of the costs and taxes, the proceeds be next applied to the payment of the judgment against Wells for $462.25, with interest, and after

that to the payment of the judgment against Nye; and for cause states that the judgment was irregularly obtained, and is not supported by the allegations of the petition.    This motion was sustained by the court, and the judgment was so modified, and this is the ruling complained of by the plaintiff in error, and is the only question presented by the record.

The petition alleges that Wells and wife conveyed the land, after they had executed the mortgage to Hermon, to John F. Randolph, and that by the acceptance of that conveyance he assumed and agreed to pay the mortgage to Hermon.    The petition also alleges that Randolph and wife conveyed the mortgaged land to Nye by warranty deed, and hence Randolph is obligated to pay the Hermon mortgage, both by his assumption in the deed of Wells and his warranty in the deed to Nye, and this personal obligation ought to be enforced against him by judgment and execution for the protection of Wells, as well as for the protection of Nye.    The reason given by the trial court for the modification of the original judgment is, that it was not supported by the allegations of the petition, and while this is true as to the payment of the plaintiff's judgment against Nye, making that payable after the costs and taxes are paid, and before the judgment against Wells is paid, it is not true as to Randolph.    The petition does contain positive averments of the assumption by Randolph of the Hermon mortgage, and of his conveyance of the mortgaged land to Nye, a subsequent mortgagor, by warranty deed.

We think that the personal judgment against Randolph in the original entry was right, and if it can be collected by execution, the amount so collected from Randolph personally should be applied to the satisfaction of the mortgage executed by Wells and wife to Hermon.    In all other respects the judgment as modified is affirmed.

By the Court: It is so ordered.

All the Justices concurring.